UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
                                                :

THE EXPORT-IMPORT BANK OF            :
THE REPUBLIC OF CHINA,                 :      97 CIV 3090 (LAK)

               Judgment Creditor,          :

   -against-                                    :

REPUBLIQUE DU NIGER,                 :

               Judgment Debtor.           :
------------------------------------------------------------------ x

**SECOND DECLARATION OF PAUL E. SUMMIT IN SUPPORT OF THE EXPORT-IMPORT BANK OF THE REPUBLIC OF CHINA'S MOTION BROUGHT BY AN ORDER TO SHOW CAUSE FOR PERMISSION TO SERVE A RESTRAINING NOTICE AND FOR A TEMPORARY RESTRAINING ORDER**

I, Paul E. Summit, declare as follows:

      1.      I am a partner at the law firm of Sullivan & Worcester LLP, counsel to Petitioner/ Judgment Creditor The Export-Import Bank of the Republic of China ("Ex-Im Bank").

      2.      Pursuant to the colloquy at the February 17, 2015 hearing, I submit this Declaration in support of Ex-Im Bank's Motion Brought by an Order to Show Cause for Permission to Serve a Restraining Notice and for a Temporary Restraining Order (the "Motion").

      3.      Attached as Exhibit A is a true and correct copy of the loan agreement, in the amount of $50,000,000, executed between Ex-Im Bank and Niger on June 8, 1992 (the "First Loan Agreement").

      4.      Attached as Exhibit B is a true and correct copy of the loan agreement, in the amount of $10,000,000, executed between Ex-Im Bank and Niger on June 4, 1993 (the "Second Loan Agreement").

5.      Ex-Im Bank brought this action and obtained a judgment against Niger, entered by U.S. District Judge Lewis A. Kaplan on October 23, 1998, after Niger defaulted on the First Loan Agreement and the Second Loan Agreement.

6.      The operative waiver language in the First Loan Agreement, waiving Niger's attachment, execution and set off immunity, is in the legal opinion (bate stamped page P0041), signed by Abdou Tchousso, Niger's Minister of Justice, which states, in relevant part:

> (5) Commercial Obligations
>
> (a) The Borrower is subject to civil and commercial law with respect to its obligations under the Agreement and the Note;
>
> (b) Its borrowing under the Agreement constitutes a private and commercial act and is wholly independent of and different from any governmental or public act of Republique du Niger (whether or not the Agreement or any part thereof or the purpose of any advance may in any way be related to any such governmental or public act of the government of the Republique du Niger);
>
> (c) In respect of its obligations under the Agreement and the Note, neither it nor any property owned by it enjoys any right of immunity, on ground of sovereignty or otherwise, from suit, attachment (prior to or in aid of execution of a judgment), or set-offs; and
>
> (d) The Borrower's irrevocable waiver of such right of immunity, given under the Agreement for itself and all property owned by it, is valid, effective and binding on the Borrower under the laws of the Republique du Niger.

7.      The operative waiver language in the Second Loan Agreement, waiving Niger's attachment, execution and set off immunity, is in the legal opinion (bate stamped page P0137), signed by Kandine Malam Adam, Niger's "Ministre De La Justice", which states, in relevant part:

> (5) Commercial Obligations
>
> (a) The Borrower is subject to civil and commercial law with respect to its obligations under the Agreement and the Note;
>
> (b) its borrowing under the Agreement constitutes a private and commercial act, and is wholly independent of and different from any governmental or public act of the Republique du Niger (whether or not the Agreement or any part thereof or the purpose of any Advance may in any way be related to any such governmental or public act of the Government of the Republique due Niger);

(c) in respect of its obligations under the Agreement and the Note, neither it nor any property owned by it enjoys any right of immunity, on ground of sovereignty or otherwise, from suit, attachment (prior to or in aid of execution of a judgment), or set-offs; and

(d) the Borrower's irrevocable waiver of such right of immunity, given under the Agreement for itself and all property owned by it, is valid, effective and binding on the Borrower under the laws of the Republique du Niger.

Dated: New York, New York
February 18, 2015

/s/ Paul E. Summit
Paul E. Summit