

February 20, 2015

Hon. Andrew L. Carter, Jr., United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, New York 10007

Re:   *The Export-Import Bank of the Republic of China v. République du Niger*, 97 CIV 3090 (LAK)

Dear Judge Carter:

As counsel to the petitioner The Export-Import Bank of the Republic of China ("Ex-Im Bank"), we wish to propose a modification of the temporary restraining order (the "TRO") that is now in place. This is a modification that would release over 70% of the restrained funds to SOPAMIN; and, per their declarations, should be satisfactory to all parties.

With certain conditions, Ex-Im Bank proposes to release to SOPAMIN $17 million of the $23.6 million that is presently restrained. As Your Honor will recall, that is the figure that (according to Mr. Abdoulaye Issa in his declaration of February 17, 2015) SOPAMIN owes to the mines.[1] With the release of the $17 million, SOPAMIN would be able to pay the mines for the uranium, which would eliminate the harm that SOPAMIN has alleged will occur if such payment is not made.[2]

The balance of the funds ($6.6 million) would remain restrained in the United States under the TRO. However, as integral parts of this proposal to release over 70% of the funds now restrained, Ex-Bank would also propose a ninety-day discovery period, which seems to us to be

---

[1] *See* Declaration of Abdoulaye Issa, ¶ 4 ("should . . . SOPAMIN not pay to SOMAÏR the 10.251.416.409 FCFA owed for the off-take of uranium, it would cause a serious and probably irremediable prejudice to SOMAÏR which will likely result in its insolvency in March 2015. . . .").

[2] *See* Declaration of Ibrahim Moussa-Gros, ¶ 7 ("If Ex-Im Bank is allowed to execute on the funds . . . . SOPAMIN will not be able to use that Exelon payment to pay the mines in Niger."); Declaration of Hamma Hamadou, ¶ 13 ("The funds . . . are used to pay for the uranium concentrates SOPAMIN purchases from the mining companies in Niger. . . . If those funds are in any way restrained . . . for any period of time, SOPAMIN will be unable to pay the mines. . . ."); and Declaration of Anthony Mavronicolas, Esq., ¶ 8 ("The funds . . . are used to pay the mining companies in Niger. . . .") (internal citations omitted).

Hon. Andrew L. Carter, Jr., United States District Judge
Page 2
February 20, 2015

the minimum amount of time necessary to accomplish an orderly, meaningful international discovery program; and no increase in the amount of the bond.

Meanwhile, we should also advise the Court that we have moved before Judge Kaplan for a Motion to Compel and Sanctions against Niger, for failure to comply with its discovery obligations. Its response to that motion was due two days ago, and it has defaulted once again, thus defying the court processes, as it has done for 16 years.

We will welcome any questions the Court may have, of course, at the hearing at 12:30 p.m. today.

                          Respectfully submitted,

                          /s/ Paul E. Summit

                          Paul E. Summit
                          Direct line:  617 338 2488

cc:    Anthony Mavronicolas, Esq.
       Patrick Croke, Esq.