

Sullivan & Worcester LLP
1633 Broadway
New York, NY 10019

T 212 660 3000
F 212 660 3001
www.sandw.com

March 6, 2015

Via ECF

The Hon. Sarah Netburn
United States Magistrate Judge
Thurgood Marshall Courthouse
40 Foley Square, Room 430
New York, NY 10007

Re: *The Export-Import Bank of the Republic of China v. République du Niger*, 97 CIV 3090 (LAK)

Dear Judge Netburn:

Pursuant to Your Honor's directive at the Friday, February 27, 2015 hearing (the "Hearing"), counsel for judgment creditor, The Export-Import Bank of the Republic of China ("Ex-Im Bank"), submits this letter to report on the status of judgment debtor République du Niger's ("Niger's") representation by counsel in the matter, and to set forth Ex-Im Bank's requested sanctions in connection with its motion to compel and for sanctions.

Niger's Representation by Counsel

As we stated at the Hearing, that morning we had a telephone call from Christopher Swart, Esq., a Singapore partner of Holman Fenwick Willan, who informed us that Holman Fenwick was in discussions with Niger regarding representation, but had not yet been retained. Pursuant to the Court's directive, on Monday, March 2, 2015, we forwarded the transcript of the Hearing to Mr. Swart.[1]  A copy of the transmittal e-mail is attached as Exhibit A.

We have heard nothing further since February 27 about Niger retaining counsel.

Sanctions

At the Hearing, Your Honor requested additional information regarding Ex-Im Bank's requested sanctions.  Should the Court grant Ex-Im Bank's motion, Ex-Im Bank respectfully requests that the Court issue sanctions against Niger as set forth below.

---

[1] We also forwarded the transcript to the Nigerien officials whom we met with in New York on September 17, 2014: Mr. Boubacar Moussa Rilla, Chargé d'Affaires, Embassy of Niger; Mr. Maman Sani Arzika, Director General of Legislation and Litigation, Secretary General of Niger; and Mr. Boulama Mamane, Principal Inspector of the Treasury.  A copy of the transmittal e-mail is attached as Exhibit B.

The Hon. Sarah Netburn
Page 2
March 6, 2015

*Attorney's Fees in Connection with Ex-Im Bank's Motion to Compel*

  Rule 37(a)(5)(A) provides that a non-responsive or disobedient party that fails to comply with its discovery obligations must (with a few exceptions) pay the reasonable expenses, including attorney's fees, incurred by the moving party in making the motion.[2]

  None of the exceptions apply here. First, Ex-Im Bank attempted numerous times in good faith to obtain the requested discovery without court action. Second, Niger's nondisclosure has no justification. Niger is subject to this Court's jurisdiction; therefore, it must comply with its post-judgment discovery obligations.[3] Finally, there are no circumstances that make an award of expenses unjust. Niger has defied all discovery for over 16 years. Judgment Creditor's Motion to Compel and for Sanctions at ¶¶ 2-6, 97 CIV 3090 (LAK), ECF No. 59. Counsel for Ex-Im Bank met twice with Nigerien government officials (on August 28, 2014 and September 17, 2014), who made representations that Niger intended to comply with its discovery obligations. However, since the September 17, 2014 meeting, counsel for Ex-Im Bank has had no communications from Niger. Moreover, Niger failed to appear at hearings before Judge Andrew L. Carter regarding Ex-Im Bank's application for a temporary restraining order, and its motion for permission to serve a restraining notice; and, most recently, it failed to appear at the Hearing, despite having been notified well in advance of all of these court proceedings.

  Thus, should the Court grant Ex-Im Bank's motion to compel, Ex-Im Bank respectfully requests that the Court order sanctions against Niger that include requiring Niger to pay the reasonable attorney's fees and expenses Ex-Im Bank incurred in bringing the motion. If Ex-Im Bank's motion is granted, Ex-Im Bank will submit a fee application to the Court, detailing the requested amount of attorney's fees and expenses.

  *Sanctions Pursuant to the Court's Inherent Powers*

  Discovery sanctions are typically granted when a disobedient party fails to obey a court discovery order. However, "[e]ven in the absence of a discovery order, a court may impose sanctions on a party for misconduct in discovery under its inherent power to manage its own

---

[2] Rule 37 applies in post-judgment collection proceedings. *See, e.g., Banco Cent. del Paraguay v. Paraguay Humanitarian Found., Inc.*, No. 01 CIV. 9649 (JFK), 2007 WL 747814, at *3 (S.D.N.Y. Mar. 12, 2007) (awarding attorney's fees to judgment creditor under Rule 37).

[3] Niger agreed, in the loan contracts executed between Ex-Im Bank and Niger, to submit itself to the Court's jurisdiction, and to waive its sovereign immunity. Second Declaration of Paul E. Summit at Ex. A, p. 16 and Ex. B., p. 17, 97 CIV 3090 (LAK), ECF No. 88 ("Each party hereto irrevocably agrees . . . to submit to the non-exclusive jurisdiction of any State or Federal Court in New York City, the State of New York, United States of America in any suit, action or proceeding arising out of [the loan contract]"). Niger's waiver extends to post-judgment collection proceedings, including post-judgment discovery relating to its assets. *Id.* at ¶¶ 6-7 ("In respect of [Niger's] obligations under the [loan contract], neither it nor any property owned by it enjoys any right of immunity, on ground of sovereignty or otherwise, from suit, attachment (*prior to or in aid of execution of a judgment*), or set-offs . . . ." (emphasis added); *see also First City, Texas-Houston, N.A. v. Rafidain Bank*, 281 F.3d 48, 53-54 (2d Cir. 2002) ("The waiver by a foreign state [of its sovereign immunity], rendering it party to an action, is broad enough to sustain the court's jurisdiction through proceedings to aid collection of a money judgment rendered in the case, including discovery pertaining to the judgment debtor's assets.").

The Hon. Sarah Netburn
Page 3
March 6, 2015

affairs." *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 106-07 (2d Cir. 2002) (*citing DLC Management Corp. v. Town of Hyde Park*, 163 F.3d 124, 135-36 (2d Cir. 1998)).

And, where a sanction is intended to compel compliance, the court has discretion in setting the sanction amount. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 304 (1947); *see also Reilly v. Natwest Markets Grp. Inc.*, 181 F.3d 253, 267 (2d Cir. 1999) (court has wide discretion in sanctioning a party for discovery abuses).

Monetary sanctions are set based on three factors: (1) the character and magnitude of the harm threatened by continued non-compliance; (2) the probable effectiveness of the proposed sanction; and (3) the financial consequence of that sanction upon the disobedient party. *See In re Grand Jury Witness*, 835 F.2d 437, 443 (2d Cir. 1987) (*citing United Mine Workers of Am.*, 330 U.S. at 304).

Here, Niger's defiance has prevented Ex-Im Bank from pursuing satisfaction of its judgment effectively, and a strong sanction may coerce compliance. Moreover, Niger is a nation, with rich and highly valued mineral resources, and has the ability to pay sanctions issued by the Court. And it has willfully defied all Court processes (including Magistrate Judge Katz's 2002 order to compel discovery) since the date of judgment.

Therefore, Ex-Im Bank requests that the Court order sanctions against Niger in the amount of $5,000 per day until Niger complies with its discovery obligations.[4] Absent a severe contempt sanction, Niger will continue to stonewall Ex-Im Bank from collecting on its judgment.

Respectfully submitted,

/s/ Paul E. Summit

Paul E. Summit

Attachments

cc:   Maman Sani Arzika, Director General of Legislation and Litigation, Secretary General (via E-mail)
      Jules Baillet, Minister of Finance (via Federal Express)
      Boulama Mamane, Principal Inspector of the Treasury (via E-mail)
      S.E. Brigi Rafini, Prime Minister (via Federal Express)
      Boubacar Moussa Rilla, Chargé d'Affaires, Embassy of Niger (via E-mail and Federal Express)

---

[4] Given all the circumstances of this case, including Niger's 16 year history of defiance, and the size of the judgment (now with interest approximately $180 million dollars), the requested sanctions are proportionate, and in line with sanctions imposed on other foreign sovereigns for failure to comply with discovery obligations. *See, e.g., FG Hemisphere Assoc., LLC v. Democratic Republic of Congo*, 603 F.Supp.2d 1, 3 (D.D.C. 2009), *aff'd*, 637 F.3d 373 (D.C. Cir. 2011) (imposing contempt fine on foreign sovereign in the amount of $5,000 per week, doubling every four weeks until reaching a maximum of $80,000 per week, until foreign sovereign satisfied its post-judgment discovery obligations); *Servaas, Inc v. Republic of Iraq*, No. 09 CIV 1862 (RMB), 2014 WL 279507, at *5 (S.D.N.Y. Jan. 24, 2014) (imposing sanctions of $2,000 per day on foreign sovereign).

# EXHIBIT A

# Fahey, Caitlin C.

| | |
|---|---|
| **From:** | Summit, Paul E. |
| **Sent:** | Monday, March 02, 2015 9:54 AM |
| **To:** | chris swart (christopher.swart@hfw.com) |
| **Cc:** | Solomon, Andrew T.; Fahey, Caitlin C. |
| **Subject:** | FW: transcript |
| **Attachments:** | F2rWexpC.txt; F2rWexpC.doc |

Greetings Chris, here's the transcript of the appearance before Magistrate Judge Netburn, kind regards, Paul

# EXHIBIT B

# Fahey, Caitlin C.

| | |
|---|---|
| **From:** | Fahey, Caitlin C. |
| **Sent:** | Monday, March 02, 2015 9:59 AM |
| **To:** | bmrilla@yahoo.com; 'Sani ARZIKA'; 'boulamane59@yahoo.fr' |
| **Cc:** | Summit, Paul E.; Solomon, Andrew T. |
| **Subject:** | The Export-Import Bank of the Republic of China v. Republique du Niger, 97 CIV 3090 (LAK) |
| **Attachments:** | F2rWexpC.TXT; F2rWexpC.DOC |

Dear Messrs. Rilla, Arzika, and Mamane:

On February 27, 2015, a hearing was held before Magistrate Judge Sarah Netburn on Ex-Im Bank's Motion to Compel and for Sanctions against Niger. Attached please find a transcript of the hearing.

Best,

Caitlin


**Caitlin C. Fahey**
**Attorney at Law**

**Sullivan & Worcester LLP**
One Post Office Square • Boston, MA 02109

T  617 338 2487
F  617 338 2880
cfahey@sandw.com
www.sandw.com
 LinkedIn Profile

1