

Sullivan & Worcester LLP
1633 Broadway
New York, NY 10019

T 212 660 3000
F 212 660 3001
www.sandw.com

March 27, 2015

VIA ECF

The Hon. Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:   *The Export-Import Bank of the Republic of China v. République du Niger*, 97 CIV 3090 (LAK)

Dear Judge Kaplan:

      We represent judgment creditor The Export-Import Bank of the Republic of China ("Ex-Im Bank").  We write to request that the Court stay the time period under Federal Rule of Civil Procedure 72(a) for judgment debtor République du Niger ("Niger") to serve and file objections to the March 19, 2015 order (the "Order") entered by the Honorable Sarah Netburn, United States Magistrate Judge, granting in part and denying in part Ex-Im Bank's motion to compel and for sanctions against Niger (the "Motion").

      Niger did not appear before Judge Netburn in connection with the Motion, nor has Niger appeared in any other post-judgment collection proceedings in the matter.  However, on March 18, 2015, we received a letter from Christopher Swart, Esq., of the London and Singapore law firm Holman Fenwick Willan ("Holman Fenwick"), informing us that his firm has been retained by Niger for the purpose of entering into settlement discussions with Ex-Im Bank.

      Ex-Im Bank believes that Niger is now prepared to enter into settlement discussions.  To facilitate the settlement discussions, contemporaneously with this letter, Ex-Im Bank has submitted a letter to Judge Netburn, requesting that she stay the Order and all deadlines set forth in the Order while those discussions are pending.  A copy of the letter to Judge Netburn, which sets forth additional details regarding the settlement discussions, is attached as Exhibit A.

      While Ex-Im Bank (and Niger) are hopeful that the settlement discussions may result in the resolution of the matter, Niger has requested through Holman Fenwick that Niger be able to preserve its right to object to the Order should the settlement discussions not be fruitful.  Ex Im Bank has no objection.  Therefore, we respectfully request that the Court stay the time period for objections to the Order, and that any objections be served and filed within 14 days after the stay of the Order (if granted) is lifted by Judge Netburn.

The Hon. Lewis A. Kaplan
Page 2
March 27, 2015

  Niger has reviewed this letter.  (Holman Fenwick has no United States office; and, so far as we know, Niger has not retained counsel yet to appear in this matter).

  We recognize that this is a somewhat unusual situation, and we stand ready to respond to any questions or concerns of the Court.


Respectfully submitted,

/s/ Paul E. Summit

Paul E. Summit


cc:  Christopher Swart, Esq.

# EXHIBIT A



Sullivan & Worcester LLP
1633 Broadway
New York, NY 10019

T 212 660 3000
F 212 660 3001
www.sandw.com

March 27, 2015

Via ECF

The Hon. Sarah Netburn
United States Magistrate Judge
Thurgood Marshall Courthouse
40 Foley Square, Room 430
New York, NY 10007

Re:   *The Export-Import Bank of the Republic of China v. République du Niger*, 97 CIV 3090 (LAK)

Dear Judge Netburn:

    We represent judgment creditor The Export-Import Bank of the Republic of China ("Ex-Im Bank").  We write to request that the Court stay its March 19, 2015 order (the "Order"), granting in part and denying in part Ex-Im Bank's motion to compel and for sanctions, and all deadlines for submissions to the Court set forth in the Order.

    On March 18, 2015, we received a letter from Christopher Swart, Esq., of the London and Singapore law firm Holman Fenwick Willan, informing us that his firm has been retained by judgment debtor République du Niger ("Niger") for the purpose of entering into settlement discussions with Ex-Im Bank.  Since then, we have had further communications with Mr. Swart.  (Holman Fenwick has no United States office; and, so far as we know, Niger has not retained counsel yet to appear in this matter).

    Ex-Im Bank believes that Niger is now prepared to enter into settlement discussions, and is hopeful that those discussions may result in the resolution of the matter.  The parties have tentatively agreed that settlement discussions will take place sometime in the second half of April, over a three day period.

    To facilitate the parties' settlement discussions, Ex-Im Bank has agreed to suspend much of its judgment enforcement effort against Niger, including any discovery efforts against Niger, while the settlement discussions are ongoing.

    Therefore, we respectfully request that the Court stay the Order until May 1, 2015.[1]  Ex-Im Bank proposes that, two days before the expiration of the stay, on April 29, 2015, it submit a

---

[1] Contemporaneously with this letter, Ex-Im Bank has submitted a letter to the Honorable Lewis A. Kaplan, United States District Judge, requesting that he stay the time period under Federal Rule of Civil Procedure 72(a) for Niger

BOSTON   LONDON   NEW YORK   WASHINGTON, DC

The Hon. Sarah Netburn
Page 2
March 27, 2015

status report to the Court as to the progress of the settlement discussions, and the need for any further stay.

      We are available to address any questions that the Court may have on the matter either in person, by telephone, or by letter.

Respectfully submitted,

/s/ Paul E. Summit

Paul E. Summit


cc:     Christopher Swart, Esq.

---

to serve and file objections to the Order.  Any objections would be served and filed within 14 days after the stay of the Order (if granted) is lifted.  A copy of the letter to Judge Kaplan is attached as Exhibit A.